IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

RECEIVED
2015 JUL 27 A 11: 12
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| TRAWICK REDDING JR, <br><br> Plaintiff, <br> v. <br><br> DALE COUNTY, ZENETH GLENN, RYAN MITTELBACH, SHERIFF WALLY OLSON, , OFFICER RON NELSON the DALE COUNTY SHERIFFS DEPUTIES, who were involved in the incident made basis for the complaint, but whose true names and legal identities are otherwise unknown at this time, but will be added by amendment when ascertained, each in his or her individual capacity, MEDICAL CARE PROVIDER whose corporate name, true name and legal identities are otherwise unknown at this time but will be added by amendment when ascertained who is contracted to provide psychiatric care at the Dale County Jail <br><br> Defendants. | CIVIL ACTION NO: <br><br> 1:15-CV-539-MHT-CSC <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

This is an action for damages and other relief, arising from the use of a deadly and venomous snake as a means of torture, assault of inmate, cruel and unusual punishment in violation of the 8th amendment and deliberate indifference to medical care in violation of United States Constitution. These claims are being brought against Dale County and its employees through 42 U.S.C. §1983. Plaintiff also makes pendent claims under the laws of Alabama as set forth below.

## STATEMENT OF JURISDICTION

1. The unlawful acts alleged herein occurred in Dale County Jail which is located in Dale County, Alabama. Thus, venue is proper in this Court and Division.

2. A written notice of Plaintiff's claims alleged were submitted to the Dale County Commission.

## STATEMENT OF THE PARTIES

3. Plaintiff, Trawick Redding Jr, is an African-American male, over the age of 19 years and a resident of Ozark, Alabama which is located within Dale County, Alabama.

4. Defendant Dale County is a political subdivision of the State of Alabama, which operates the Dale County Jail and employs sheriff's deputies and other personnel in furtherance of its duties as a law enforcement agency within the State. Dale County, through its Sheriff's Department, is responsible for hiring, training and supervising its officers and jail staff as well as providing proper medical care including psychiatric care to its inmates.

5. Defendant, Zeneth Glenn, at all material times, was the Dale County Sheriff Deputy who brought the contraband known as the snakes and also known as the "pythons" into the Dale County Jail on or about August 11, 2013 and utilized them as a means of torture, harassment, control and intimidation against the inmates, most specifically Trawick Redding Jr.

6. Officer Glenn has been since terminated although at all times material to this complaint, was employed by the Dale County Sheriff's Department and is a state actor under §1983. He is being sued in both his individual and official capacity.

7. Defendant, Ryan Mittelbach, at all material times was the Dale County Sheriff's Deputy, involved in the snake incident alongside Deputy Glenn and terminated for his involvement in the incident. At all times material to this Complaint, Officer Mittelbach was employed by Dale County as a Sheriff's Deputy and is a state actor under §1983. He is being sued in his official and individual capacity

8. Defendant Sherriff Wally Olson, at all material times was, and still is, the Sheriff for Dale County, and as such, had responsibility for the creation of correctional policies as well as the housing, safety, and medical treatment of inmates in the Dale County Jail. As the sheriff, among other things, he is responsible for management of Dale County's jail facilities. Defendant Olson has a statutory duty under Alabama law to attend to the medical needs of inmates in Dale County's custody. He is sued in his individual capacity only,

9. Ron Nelson, at all material times, was and still is an employee of the Dale County Sheriff's department and classified as the jailer. The jailer is responsible for maintaining the housing, safety, and medical treatments for the inmates in the Dale County Jail. Ron Nelson, was the immediate supervisor for Defendant's Glenn and Mittelbach at all material times.

10. At all material times, Defendant Medical Care Provider, was and still is, a private for-profit corporation that is under a contractual obligation to Dale County to

provide medical care including psychiatric care for it's inmates at the Dale County Jail. The full corporate or legal name of this company or entity is unknown at the present time. The information will be updated by amendment as it is ascertained.

## STATEMENT OF THE FACTS

11. On or about August 11, 2013 Trawick Redding Jr. ("Trawick"), was an inmate in the Dale County Jail who was shown a snake while working in the kitchen.

12. Trawick was designated as a trustee, a low risk inmate, who has been described as a model prisoner.

13. The Plaintiff saw Deputies Glenn and Mittelbach early that morning, while he as en route to the kitchen, with a yellow reptile which has been described as a "pythons", or more specifically a "yellow Burmese Python."

14. The Pythons have been identified and described by a number of individuals including Trawick and other Sheriff's deputies that have given sworn statements that the snake was yellow and approximately 6 to 7 feet in length.

15. The Plaintiff told Deputies Glenn and Mittelbach, while in the kitchen area on the first encounter, that he was afraid of snakes and that he did not want them anywhere near him.

16. Other Sheriff's deputies and staff as well as inmates were within the proximity of the first encounter between Deputies Glenn and Mittelbach and the Plaintiff.

17. After cooking and eating breakfast, the Plaintiff returned to his dorm and fell asleep on his bunk.

18. While the Plaintiff was sleeping, Defendant Glenn entered the dorm of the Plaintiff with one of the snakes. The time frame between the first and second encounter was estimated to be several hours.

19. The Plaintiff was awoken when Deputy Glenn screamed at Glenn who had brought one of the snakes within less than an inch of his face and ready to strike.

20. The startled Plaintiff, after realizing the snake was in his bunk, screamed and hit his head on the rail of his bunk.

21. Deputy Officers Glenn and Mittelbach were alleged to have been terminated as a result of the snake being brought into the jail and used to harass, intimidate, torture and assault inmates.

22. It is alleged that the snakes described in this incident can release a poisonous venom and inflict pain.

23. The fear of snakes can be clinically described as ophidiophobia which is a real phobia as defined by American psychiatry.

24. It is further alleged that the snakes described in the incident are not indigenous to Dale County, the Wiregrass Region or the State of Alabama.

25. It is further alleged that the jail staff and supervisors, especially Ron Nelson, had direct knowledge that Defendants Glenn and/or Mittelbach owned snakes.

26. It is alleged that the Defendants went to great lengths to plan bringing snake into the Dale County Jail and engaged in an astounding pattern and plan of torture.

27. It is alleged that Defendant's Zeneth Glenn and Officer Mittelbach acted in concert, by bringing the snakes into the jail in a cage, and utilized other guards and employees to bring the "Pythons" into the jail in violation of security procedures and protocol.

28. It is alleged that the snakes were brought into the jail on the third shift sometime after midnight on August 11, 2015.

29. It is alleged that the Dale County jail had inadequate security measures that would allow a snake such as a "python" and other contraband to be brought into the Dale County Jail and that guards were not properly searched.

30. The jail supervisors and staff knew that Defendant Glenn and Mittelbach had obtained "pythons", that they were brought into the jail and remained in the jail for several hours. It is further alleged that the jail supervisors and staff, specifically jailer Ron Nelson knew that these were not everyday "garden snakes" and could cause serious harm if inmates were bitten, spit upon, or even placed with close proximity of inmates.

31. It is further alleged that after the incident, the snakes were not immediately removed from the jail, but instead placed in a box by a jailer and remained in the jail until an investigation was commenced several hours after the incident.

32. After the snake incident in the bunk, the Plaintiff was sent to a medical facility and saw a therapist at an outside facility where he was prescribed psychiatric medication.

33. The Plaintiff remained incarcerated in the Dale County Jail for well over a year after the alleged incident despite being a low-risk non-violent offender whom lived in constant fear, and suffered from depression and post-traumatic stress as a result of this incident.

34. As a proximate result of this incident the Plaintiff has had trouble sleeping, suffered general anxiety and post traumatic stress and had nightmares and night terrors on a daily basis.

35. It is alleged that the Plaintiff's physical conditions and illness such has congestive heart failure and chest pains have been exacerbated by this incident.

36. The jail staff and deputies knew that Trawick suffered from a number of severe medical conditions such as diabetes, congestive heart failure, high blood pressure and sleep problems and knew that scaring, harassing, intimidating and torturing him with a dangerous and venomous snake would cause injury.

37. The Plaintiff has been treated for injuries including being prescribed sleeping medications, anti-depression medication and anxiety medicines and being under the care of mental health professionals and a licensed psychiatrist.

38. It is alleged that the Plaintiff did not receive proper psychiatric care in the Dale County Jail after this incident and as a result suffered emotionally and physically. It is alleged that the Dale County jail was motivated by saving money and not

insisting that Trawick received more psychiatric care despite the obvious signs of his anxiety, fear, sleeplessness and fatigue.

39. It is alleged that the Plaintiff has been unable to work regularly as a result of this incident although he has had failed work attempts since being released from the Dale County Jail. It is alleged that the Plaintiff was unable to properly perform and consistently work as a result of the mental distress and anxiety sustained from this incident.

40. It is alleged that snakes being brought into jails or prisons under any circumstances is expressly prohibited and unlawful under both Alabama code and Federal code

41. It is alleged that the use of snakes to intimidate and control prison and or jail inmates is considered torture and defined as such in the United States Code 18 U.S.C. § 2340 as

"torture" means an act committed by a person acting under the color of law specifically intended to inflict severe physical or mental pain or suffering (other than pain or suffering incidental to lawful sanctions) upon another person within his custody or physical control

42. Torture as described would be international Human Rights violations and is a violation of the United States Code's prohibition against torture as codified as 18 U.S.C. § 2340 and punishable for up to 20 years.

43. It is alleged that the use of snakes would be considered improper tactics to control, intimidate, punish, harass or torture inmates under any human rights

protocol and shocks the conscience of what is acceptable in any correctional facility.

44. It is alleged that mental torture techniques used to control inmate populations are expressly prohibited and are reminiscent of tactics that have been used internationally in war and considered constitutional violations as well as international human rights violations.

45. It is alleged that Defendants Dale County, Sheriff Wally Olson and jailer Ron Nelson were negligent in the hiring and supervision of Defendant's Zeneth Glenn and Ryan Mittelbach.

46. Specifically, Sheriff Olson and Ron Nelson failed to do a proper background check on the employment of Zeneth Glenn and/or ignored obvious signs that he posed a risk to the health, safety and welfare of jail inmates based on his job application and/or personnel file.

## COUNT ONE
### CRUEL AND UNUSUAL PUNISHMENT 42 U.S.C § 1983
(Defendant Zeneth Glenn, Defendant Mittelbach, Defendant Nelson, unidentified deputies, Defendant Sheriff and Defendant Dale County)

47. Plaintiff re-alleges and incorporates by references all allegations set forth in the paragraphs above as if set out fully herein.

48. The use of snakes as described in the statement of facts as used to harass, torture, intimidate or scare the Defendant constitutes the United States Constitutions prohibition against cruel and unusual punishment as prescribed by the 8th Amendment.

49. The Plaintiff's claims for relief are predicated upon 42 U.S.C. §1983, which authorizes actions to redress the deprivation of rights privileges secured to the plaintiff by the United States Constitution, occurring under color of state law. At all times material to this Complaint, the named Defendants were employed by Dale County and were state actors pursuant to §1983.

50. Defendant are not entitled to qualified immunity, as their actions violated clearly-established rights of which an objectively reasonable law enforcement officer would have known.

51. The Defendant's Glenn and Mittelbach should not have been allowed to bring contraband such as Pythons through jail security and should have been stopped prior to bringing them into inmate areas.

52. Dale County is liable for the actions of its employees, as the City's policy or custom of negligent hiring, training, supervision and/or retention of its police officers was the proximate cause of Plaintiff's constitutional deprivations and injuries.

53. The deprivations of Plaintiff's constitutional rights were deliberate and intentional. The Defendant officers actions were reprehensible This misconduct by Defendants was engaged in knowingly, intentionally, and maliciously, and/or

in a reckless manner with callous indifference to the health, safety and civil rights of the Plaintiff.

54. As a proximate result of these constitutional violations, Plaintiff has been deprived of her civil rights and has suffered great aggravation, harm and mental anguish. Plaintiff's damages include post-traumatic stress, emotional distress, lost wages and other injuries. WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory and punitive damages, attorneys' fees and costs, and any and all other relief allowed by law.

## COUNT TWO

## DELIBERATE INDIFFERENCE TO CRUEL AND UNUSUAL PUNISHMENT (MONELL LIABILITY)

### 8TH Amendment Violations (Dale County)

55. Defendant Dale County has an unwritten "custom" or "policy" that Deputy Sheriffs can intimidate, harass and mentally torture the inmates.

56. The Sheriff and the Chief Deputy and jailers were deliberatively indifferent to the risk that the deputies would cause injury to the inmates based upon these tactics.

57. Supervisors of the deputies involved in this incident knew or should have known that dangerous contraband such as "python snakes" could be easily brought into the jail facility.

58. County officials and the Sheriff's staff knew that without proper security measures to properly screen guards that contraband such as "snakes" could be brought into the jail and therefore a risk of injury created.

59. Supervisors of the deputies involved in this incident failed to properly select, hire and train the deputies that were in essence allowed to harass, intimidate and torture the inmates.

60. Furthermore, the supervisors including Sheriff Olson and jailer Ron Nelson were knew or should have known that Defendant Glenn, based on prior incidents, would be a danger to the health, safety and welfare or inmates.

61. The supervisors were deliberatively indifferent to the risk that allowing snakes in the jail would lead to the torture of inmates. The supervisors including Ron Nelson knew that the snake was in the jail on August 11 and failed to have it removed until after the mental anguish caused to the Plaintiff.

62. As a proximate result of these actions, Plaintiff has been deprived of his civil rights and has suffered great aggravation, harm and mental anguish. Plaintiff's damages include post-traumatic stress, emotional distress, sleep deprivation, deprivation, anxiety, worsening of chest pain and congestive heard disease lost wages and other injuries.

63. WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory and punitive damages, injunctive relief which would implement changes in policies and procedures at the Dale County Jail, attorneys' fees and costs, and any and all other relief allowed by law.

## COUNT THREE
## INTENTIONAL INFLECTION OF EMOTIONAL DISTRESS
## (ALL DEFENDANTS)

64. Plaintiff re-alleges and incorporates by references all allegations set forth in the paragraphs above as if set out fully herein.

65. The Defendants used a snake, which is prohibited under all law enforcement protocol, to scare, control and intimidate the Plaintiff.

66. The use of snakes, primarily the ones as described in this incident, is universally considered a torture technique when used in a correctional setting.

67. There is no justified explanation for python snakes to be used as a technique to frighten, scare, intimidate or control an inmate and therefore any injuries as a result are a direct and proximate result.

68. Trawick before the second encounter had explained to the Defendant's that he was scared of snakes, which can clinically be described as Ophidiophobia.

69. After the first encounter with the Plaintiff's, the Defendant's were put on verbal notice that the Plaintiff expressed his fear of snakes and that simply being near snakes would cause anxiety and mental distress.

70. Dale County is liable for the actions of its employees, the named Defendants, as the County's policy or custom of negligent hiring, training, supervision and/or retention of its deputy sheriffs was the proximate cause of Plaintiff's constitutional deprivations and injuries.

71. The deprivations of Plaintiff's rights were deliberate and intentional. The Defendant officers' actions were reprehensible. This conduct by the defendants can be described as knowingly, intentionally, and maliciously, and/or in a reckless manner with callous indifference to the health, safety and civil rights of the Plaintiff.

72. As a proximate result of these actions, Plaintiff has been deprived of his civil rights and has suffered great aggravation, harm and mental anguish. Plaintiff's damages include post-traumatic stress, emotional distress, sleep deprivation, deprivation, anxiety, worsening of chest pain and congestive heard disease lost wages and other injuries.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory and punitive damages, attorneys' fees and costs, and any and all other relief allowed by law.

## COUNT FOUR
## ASSAULT AND BATTERY
**(Defendants Glenn, Mittelbach and Dale County)**

73. Plaintiff re-alleges and incorporates by references all allegations set forth in the paragraphs above as if set out fully herein.

74. Defendant Glenn touched the plaintiff or attempted to touch the plaintiff with the snake with the intent in doing so. The touching was conducted in a harmful and highly offensive manner.

75. Defendant Glenn is not entitled to state-agent immunity as he acted willfully, maliciously, fraudulently, in bad faith, beyond her authority, and/or under a mistaken interpretation of the law.

76. Dale County is vicariously liable for the actions of its employees for their negligence, carelessness and/or unskillfulness in performing their duties as sheriff deputies and jail employees. Their misconduct was the proximate cause of Plaintiff's injuries.

77. This misconduct by Defendant Zeneth Glenn was engaged in knowingly, intentionally, and maliciously, and/or in a reckless manner with callous indifference to the health, safety and rights of the Plaintiff.

78. As a proximate result of the Defendants' misconduct, Plaintiff has suffered great aggravation, harm and mental anguish. Plaintiff's damages include post-traumatic stress, emotional distress, lost wages and other injuries.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory and punitive damages, attorneys' fees and costs, and any and all other relief allowed by law.

## COUNT FIVE

### WANTONNESS

79. Plaintiff re-alleges and incorporates by references all allegations set forth in the paragraphs above as if set out fully herein.

80. Defendant's had knowledge that the transport and the use of a python snake to torture, harass, intimidate and control inmates would cause injury to the Plaintiff.

81. Defendant's intentional acts and subsequent failure to remedy such acts were committed with reckless indifference to the rights of the Plaintiff.

82. As a proximate result of the Defendants' misconduct, Plaintiff has suffered great aggravation, harm and mental anguish. Plaintiff's damages include post-traumatic stress, emotional distress, lost wages and other injuries.

## COUNT SIX

### OUTRAGE

83. Plaintiff re-alleges and incorporates by references all allegations set forth in the paragraphs above as if set out fully herein.

84. Defendants knew or should have known that the Plaintiff was likely to suffer from mental distress and could have become severely physically hurt by placing a dangerous snake in his immediate vicinity.

85. Defendant's conduct was extreme and outrageous and outside of what is considered acceptable in any incarceration facility.

86. As a direct and proximate consequence of the Defendant's outrageous conduct, the Plaintiff has suffered severe emotional distress and mental anguish, physical pain and suffering and other damages.

## COUNT SEVEN

## DELIBERATE INDIFFERENCE TO PSYCHIATRIC CARE (42 U.S.C. 1983) - ALL DEFENDANTS

87. Defendants acted with deliberate indifference toward the psychiatric needs of the Plaintiff after the snake incident. This includes ignoring visible psychiatric symptoms, not adhering to jail policy, ignoring signs such as lack of sleep, fatigue and failure to schedule regular appointments and follow-up appointments with psychiatric care staff or contractors.

88. Defendants, knew or should have known that Trawick Redding suffered from mental impairments and psychiatric disorders as a result of this incident and should have provided more detailed psychiatric care.

89. Defendants knew, or should have known that their deliberate indifference to Trawick Redding's psychiatric needs would pose a substantial risk of serious harm to his well being.

90. Defendants violated Trawick Redding's rights in the interest of saving money.

91. Defendants are responsible for the unconstitutional customs and policies described herein. The suffering of Trawick was a direct and foreseeable result of these customs and policies.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

**PRAYER FOR RELIEF**

WHEREFORE ALL PREMISES CONSIDERED, The Plaintiff prays that this Honorable Court will assume Jurisdiction over this matter before and after the trial.

1. For general and special damages according to proof at the time of trial;

2. For costs of suit and interest incurred herein,

3. For punitive damages in the amount of **$3 million dollars**, and

5. Any further injunctive or declaratory relief this court deems just and proper, including an injunction requiring the institution of proper training procedures, appropriate supervision and discipline procedures and prohibition of the unconstitutional use policies, practices, customs and issue and order regarding the type of police activity alleged in this complaint.

Respectfully submitted this the 23rd day of July 2015

/s Martin Weinberg
Martin E. Weinberg
Attorney for Plaintiff

OF COUNSEL:

MARTIN E. WEINBERG, P.C.
Attorney at Law
Post Office Box 154
Shannon, AL 35142
attorneyweinberg@bellsouth.net
205-785-5575

PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE BY A JURY

<u>Plaintiff requests this Honorable Court serve via certified mail the above and foregoing upon each of the following Defendants:</u>

Dale County
C/O
Dale County Commission
202 South Highway 123
Ozark, Alabama 36360

Sheriff Wally Olson
Po Box 279
Ozark, AL 36361

Mr. Zeneth Glenn
915 County Road 513
Midland City, AL. 36350-3755

Mr. Ryan Mittelbach
4165 Highway 273
Graceville, FL 32440-4741

Mr. Ron Nelson
Po Box 279
Ozark, AL. 36361