# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| **TRAWICK REDDING JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 1:15-cv-539-MHT |
| **DALE COUNTY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## BRIEF IN SUPPORT OF MOTION TO DISMISS DALE COUNTY, ALABAMA

COMES NOW Defendant Dale County, Alabama, and moves this Court to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) because the Complaint fails to state a claim against it upon which relief may be granted for the following reasons:

## INTRODUCTION

This case arises from "the use of a deadly and venomous snake as a means of torture, assault of inmate, cruel and unusual punishment in violation of the 8th amendment and deliberate indifference to medical care in violation of United States Constitution." See Complaint, first unnumbered paragraph.

## STATEMENT OF FACTS

The Complaint avers the following:

1. Dale County "operates the Dale County Jail and employs sheriff's deputies and other personnel in furtherance of its duties as a law enforcement agency within the state." (Compl. ¶ 4.)

2. Dale County, "through its Sheriff's Department, is responsible for hiring, training and supervising its officers and jail staff as well as providing medical care including psychiatric care to its inmates." Id.

3. Dale County was "negligent in the hiring and supervision of Defendant's [sic] Zeneth Glenn and Ryan Mittelbach." (Compl. ¶ 45).

4. Dale County "is liable for the actions of its employees, as the City's [sic] policy or custom of negligent hiring, training, supervision and/or retention of its police officers was the proximate cause of Plaintiff's constitutional deprivations and injuries." (Compl. ¶ 52)

5. Dale County "has an unwritten 'custom' or 'policy' that Deputy Sheriffs can intimidate, harass and mentally torture the inmates." (Compl. ¶ 55).

6. "County officials" "knew that without proper security measures to properly screen guards that contraband such as 'snakes' could be brought into the jail and therefore a risk of injury created." (Compl. ¶ 58).

7.  Dale County "is liable for the actions of its employees, the named Defendants, as the County's policy or custom of negligent hiring, training, supervision and/or retention of its deputy sheriffs was the proximate cause of Plaintiff's constitutional deprivations and injuries." (Compl. ¶ 70).

8.  Dale County "is vicariously liable for the actions of its employees for their negligence, carelessness and/or unskillfulness in performing their duties as sheriff [sic] deputies and jail employees. Their misconduct was the proximate cause of Plaintiff's injuries." (Compl. ¶ 76).

## STANDARD OF REVIEW

The United States Supreme Court has rejected the "no set of facts" standard for determining the sufficiency of a complaint challenged by a Rule 12(b)(6) motion. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) (overruling Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).[1] Regarding Conley, the Supreme Court noted that the "no set of facts" language had been essentially taken out of context for fifty years. 550 U.S. at 562-63. On "a focused and literal reading of Conley's 'no set of facts,' a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set

---

[1] See also Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336 (2005); O'Brien v. DiGrazia, 544 F.2d 543, 546, n.3 (C.A. 1 1976) ("[W]hen a plaintiff . . . supplies facts to support his claim, we do not think that Conley imposes a duty on the courts to conjure up unpleaded facts that might turn a frivolous claim of unconstitutional . . . action into a substantial one"); McGregor v. Industrial Excess Landfill, Inc., 856 F.2d 39, 42-43 (C.A. 6 1988) (quoting O'Brien's analysis).

of [undisclosed] facts' to support recovery." Id. at 562.  Instead, the Twombly Court held that

> this famous observation has earned its retirement.  The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: *once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint*.

550 U.S. at 563 (emphasis added).

What a complaint needs, in the Twombly Court's view, is facts.  As a general rule, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . ." 550 U.S. at 555.  However, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Id. (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Id.

Even under Rule 8(a) there must be a "'statement of circumstances occurrences, and events in support of the claim presented' and . . . not . . . a pleader's 'bare averment that he wants relief and is entitled to it.'" Twombly, 550 U.S. at 555 (citations omitted).  "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing only 'fair notice' of the nature of the claim but also 'grounds' on which the claim rests." Id. (citations omitted).  Furthermore, "[p]leadings must be something more than an ingenious academic exercise in the conceivable." Marsh v. Butler County, 268 F.3d 1014,

4

1037 (11th Cir. 2001) (en banc). Unsupported conclusions of law or of mixed law and fact are not sufficient to withstand dismissal under Rule 12(b)(6). Marsh, 268 F.3d at 1036 n.16; see also South Florida Water Mgmt. Dist. v. Montevallo, 84 F.3d 402, 408 n.10 (11th Cir. 1996) (noting "as a general rule, conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss").

## ARGUMENT

### I. DALE COUNTY CANNOT BE HELD VICARIOUSLY LIABLE FOR THE ACTS OR OMISSIONS OF THE DALE COUNTY SHERIFF OR HIS EMPLOYEES.

Alabama counties cannot be held vicariously liable for the tortious acts of Alabama sheriffs. The Alabama Supreme Court has held that "[s]heriffs are not county employees, particularly for purposes of imposing *respondeat superior* liability upon the county." Ex parte Sumter County, 953 So. 2d 1235, 1239 (Ala. 2006); see also McMillian v. Monroe County, Ala., 520 U.S. 781, 789 (1997) (stating "Alabama counties are not liable under a theory of *respondeat superior* for a sheriff's official acts that are tortious.") (citing Parker v. Amerson, 519 So. 2d 442, 443, 444 (Ala. 1987)). "Alabama's Constitution clearly denominates the sheriff as a member of the state's executive department." Turquitt v. Jefferson County, Ala., 137 F.3d 1285, 1288 (11th Cir. 1998) (en banc) (citing Ala. Const. of 1901, Art. V § 112). "[B]ecause a sheriff is an executive officer, 'a sheriff is not an employee of

a county for the purposes of imposing liability on the county.'" Turquitt, 137 F.3d at 1288 (citing Parker, 519 So. 2d at 442).

Dale County cannot be held liable under the doctrine of *respondeat superior* for the acts or omission of the sheriff's jailers because in Alabama the sheriff has a sole authority over inmates, the jail, and its employees. Marsh v. Butler County, 268 F.3d 1014, 1028 (11th Cir. 2001) (en banc). "Under Alabama law, a county is not responsible for the daily administration or operation of a county jail or for overseeing inmates." Ex parte Sumter County, 953 So. 2d 1235, 1238 (Ala. 2006) (see Turquitt v. Jefferson County, 137 F.3d 1285, 1289 (11th Cir. 1998) (stating "[t]he duties of the counties with respect to the jails 'are limited to funding the operation of the jail and to providing facilities to house the jail'") (citing Stark v. Madison County, 678 So. 2d 787, 787 (Ala. Civ. App. 1996)).[2] "Alabama counties are not charged with the duty of operating jails; instead, it is the county sheriffs who are vested with that responsibility." Ex parte Sumter County, 953 So. 2d at 1238.[3]

---

[2] Section 11-14-10, Ala. Code 1975, provides that "[t]he county commission shall erect . . . jails" and that "[e]ach county shall be required to maintain a jail within their county." The Alabama Supreme Court held in Keeton v. Fayette County, 558 So. 2d 884, 886 (Ala. 1989), that "by using the phrase 'maintain a jail' in § 11-14-10, the Legislature intended to require the county commission to keep a jail and all equipment therein in a state of repair and to preserve it from failure or decline." Ex parte Sumter County, 953 So. 2d at 1238.

[3] Section 14-6-1, Ala. Code 1975, provides: "The sheriff has the legal custody and charge of the jail in his county and all prisoners committed thereto . . . ." Alabama law provides that a county commission does not have the authority, or the responsibility, to promulgate policies and work rules for employees of the sheriff's office, nor does a county commission have authority over law-enforcement policies or the training, supervision, hiring, or firing of the sheriff's employees. Ex parte Sumter County, 953 So. 2d at 1238 (citing Crocker v. Shelby County, 604 So. 2d 350 (Ala. 1992)).

Alabama law clearly gives counties only the powers delegated to them by the legislature. McMillian v. Monroe County, Ala., 520 U.S. 781, 790 (1997) (characterizing Alabama counties as "creatures of the State who have only the powers granted to them by the State"). Law enforcement authority is *not* a power delegated to the counties. Id. ("the 'powers and duties' of the counties themselves . . . do not include any provision in the area of law enforcement."). As a matter of law, one cannot be held liable for the actions of a person who is not an agent, servant, or employee. Merrell v. Joe Bullard Oldsmobile, Inc., 529 So. 2d 943, 945 (Ala. 1988) (requiring that an agent commit a tort within the course and scope of the agent's employment before imposing liability on the agent's principal).

Likewise, Dale County cannot be held liable for claims arising from a policy or custom of the Dale County Sheriff's jail or jailers. Both federal and state law is clear that the only duty an Alabama county has with regard to its jail is to build, maintain, and fund it. See Marsh v. Butler County, 268 F.3d 1014, 1026 (11th Cir. 2001) (en banc) (stating that Alabama law assigns counties a "limited role in building and funding the jails.") (emphasis added); see also Ala. Code § 11-14-10 (1975) (stating "[e]ach county within the state shall be required to maintain a jail within their county."); King v. Colbert County, 620 So. 2d 623, 625 (Ala. 1993); Stark v. Madison County, 678 So. 2d 787, 788 (Ala. Civ. App. 1996). The word "maintain" as used in § 11-14-10 has been interpreted "keep a jail and all equipment

therein in a state of repair and to preserve it from failure or decline." Keeton v. Fayette County, 558 So. 2d 884, 886 (Ala. 1989).  The Eleventh Circuit, after a "thorough analysis" of the Alabama Code, concluded that no statute authorizes counties to supervise the operations of sheriffs' jails. Turquitt v. Jefferson County, Ala., 137 F.3d 1285, 1289 (11th Cir. 1998) (en banc).  Further, "Alabama counties have no responsibility for daily operation of county jails and no authority to dictate how jails are run." Marsh, 268 F.3d at 1027; see also Turquitt, 137 F.3d at 1288-91.

WHEREFORE, PREMISES CONSIDERED, Defendant Dale County, Alabama requests this Court to issue an order granting its motion to dismiss.

Dated this 24th day of August, 2015.

Respectfully submitted,

/s/ C. Richard Hill, Jr.
C. Richard Hill, Jr. (HIL045)

*Attorney for Defendant*
*Dale County, Alabama*

OF COUNSEL:
**CAPELL & HOWARD, P.C.**
Post Office Box 2069
150 South Perry Street
Montgomery, Alabama  36102-2069
Telephone:  334/241-8000
Facsimile:  334/323-8888

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Martin E. Weinberg**
Martin Weinberg Law Office
PO Box 154
Shannon, AL  35142
Phone: 205-785-5575
attorneyweinberg@bellsouth.net

**James Randall McNeill**
Webb & Eley, P.C.
PO Box 240909
Montgomery, AL  36124
Phone: 334-262-1850
rmcneill@webbeley.com

                                        /s/ C. Richard Hill, Jr.
                                        OF COUNSEL