IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| TRAWICK REDDING JR, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO: 1:15 CV 539 - MHT |
| v. ) | |
| ) | |
| DALE COUNTY, ET. AL. ) | |
| ) | |
| Defendant ) | |

# RESPONSE TO MOTION TO DISMISS DEFENDANT DALE COUNTY, ALABAMA

COMES NOW Plaintiff Trawick Redding Jr. and moves this Court to deny the Motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12 (b) (1) and 12(b)(6) as the complaint is factual and can Dale County can and should be held liable.. The Defendant fails to demonstrate that they are entitled to a

motion to dismiss as a matter of law, and their motions for dismissal are due to be denied.

## INTRODUCTION

The Defendants motions are due to be denied. The Defendants ignore the critical allegations in the Plaintiff's complaint. Furthermore, it appears that the Defendant's motions to dismiss are, by and large, not 12(b)6 motions but in reality a motion for summary judgment that seek to adjudicate the issues raised in the complaint before the discovery process takes place. At this time it would be improper to evaluate this complaint under the guise for a motion for summary judgment.

Dismissing counts and Defendants before any discovery has commenced and the Plaintiff has had time to amend the complaint would not be in the best interest of justice, nor would it serve the interests of judicial economy. All claims and counts against the Defendants must be considered in the light most favorable to the plaintiff, and while Plaintiff concedes that the facts as currently pled may not be sufficient to properly support each and every claim currently made, Plaintiff avers that through the process of discovery it is anticipated that the patterns, practices, and historical actions of the Defendants will be shown to sufficiently support most, if not all, of the presently pled counts.

The Plaintiff contends that he was seriously injured as a result of actions taken by Officers Glenn and Mittelbach to smuggle a snake into the Dale County jail as a means to torture, assault and harass the inmate which is a clear violation of cruel and unusual punishment in violation of the 8th amendment of the United States Constitution. It is further alleged that several Federal and State Laws are knowingly violated and such that gross inactions of Dale County personnel allowed this to happen. It is further alleged that the Defendants were deliberately indifferent to adequate medical care.

Essentially the Defendants spend a large portion of their 12b(6) motion brief making two arguments: first that the complaint does not meet a heightened pleading standard established in the *Twombly* line of cases and secondly that all of the Defendants are entitled to be dismissed because they are protected by layers of immunity. Both of those arguments fail because they can be addressed both at present by the pleadings and their reasonable inferences considered in the light most favorable to the Plaintiff, and in the future should discovery be allowed on those issues. At this time, the Plaintiffs should be given the opportunity to engage in some discovery and remedy any shortcomings in the complaint by amending the pleadings which would be consistent with the heightened pleadings standard required by Twombly. The timing of that amendment would be better set after such preliminary discovery as would be necessary to establish or rule out the facts

necessary for a heighted pleading standard, but at any time prior to discovery if the Court so deems it necessary the Plaintiff will seek an agreement from opposing counsel for leave to file an amended complaint or, in the alternative, file a motion for same with the Court.

## Argument

## DALE COUNTY CAN BE HELD LIABLE FOR CONSTITUTIONAL VIOLATIONS

The Plaintiffs' liability theory against Dale County is erroneously described. The counts against Dale County are for deliberate indifference to medical care. It is simply alleged that by failing to provide adequate medical resources via staffing and services that Mr. Redding suffered once he sustained the injuries from the python incident. In the event that the court believes that this was not adequately plead or explained, the Plaintiff asks that time be allowed to amend the complaint with more details that can be discovered through review of medical records as well as contracts and documents during initial discovery.

Dale County, like the other defendants, is not entitled to any heightened pleading standard.  At this time there is the clear allegation that there was a serious

medical need and that being continued psychiatric care from a very traumatic event. As described in the pleadings, the Defendant suffered tremendous anxiety, and other impairments including sleep loss and depravation as a result of this incident. One outside medical visit without proper follow up care cannot be considered constitutionally permitted medical treatment. The 11th Circuit has consistently held that knowledge of the need for medical care and intentional refusal to provide that care constitute deliberate indifference. (See *Mandel V. Doe* 888 F. 2d 783 (11th circuit 1989).

Furthermore, the Plaintiff believes that discovery will allow the production of the medical care contract between Dale County and Spectra Care and/or whomever else supplies medical care at the Dale County Jail. Once the Plaintiff is provided the medical care contract and policies, it will again ask the Court for leave to amend the complaint. At this time, specifying exactly the plan on how Dale County denied medical care would only be based on speculation. However, the general premise that the county can be held responsible for deliberate indifference to medical care is widely established in the 11th circuit.

Because the county knew it was providing inadequate funding and continued to use outside providers for medical staffing knowing inmates would suffer, it can be held liable. See *Williams v Limestone County,* 198 Fed. Appx. 893, 895 n.2

(11th Cir. 2006). The failure to fund in the State of Alabama has been held to be an act of deliberate indifference. *Turquitt v. Jefferson County*, 137 F.3d 1285, 1289-90 (11th Cir. 1998).

Simply administering some medications or sending the inmate to an outside Doctor does not constitute proper medical care. However, whether or not the medical care was even marginally adequate really seems to be a matter best decided during discovery. However, as for Dale County, controlling case law establishes the fact that failing to adequately fund medical care directly points to the issue of liability and liability for which the county can be held constitutionally responsible.

Respectfully submitted this the 8th day of August 2015

/s Martin Weinberg
Martin E. Weinberg
Attorney for Plaintiff

OF COUNSEL:

MARTIN E. WEINBERG, P.C.
Attorney at Law
Post Office Box 154
Shannon, AL 35142
205-785-5575
attorneyweinberg@bellsouth.net

CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

C. Richard Hill, Jr.

Capell and Howard, P.C.

150 S. Perry Street

Montgomery, AL. 36104

Phone: 334-241-8000

crh@chlaw.com



James Randall McNeill

Webb and Eley, P.C.

PO Box 240909

Montgomery, AL. 36124

Phone: 334-262-1850

rmcneill@webbeley.com

/s Martin Weinberg

                                        Martin Weinberg

                                        Attorney for Plaintiff