IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
SOUTHERN DIVISION

| | |
|---|---|
| TRAYWICK REDDING, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:15-CV-539-MHT |
| ) | |
| DALE COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

## ANSWER OF DEFENDANT ZENETH GLENN

COMES NOW Zeneth Glenn, a Defendant in the above-entitled action, and answers Plaintiff's Complaint as follows:

### INTRODUCTION

The allegations set forth in the introductory paragraph do not require an answer from this Defendant. However if any of these allegations can be construed to be an factual allegation imputing liability upon this Defendant, they are denied.

### STATEMENT OF JURISDICTION

1. Defendant admits that venue and jurisdiction lies within this court.

2. Defendant is without sufficient knowledge or belief to admit or deny the allegations set forth in this paragraph.

### STATEMENT OF THE PARTIES

3. Admitted.

1

4. The allegations set forth in this paragraph do not require an answer from this Defendant. However, if any of the allegations can be construed to be a factual allegation imputing liability upon this Defendant, they are denied.

5. Defendant admits that he is identified and that he was employed by the Dale County Sheriff's Department as a deputy and was a state actor under § 1983 at the time that is the basis of this complaint. All other allegations are denied.

6. The allegations set forth in this paragraph do not require an answer from this Defendant. However, if any of the allegations can be construed to be a factual allegation imputing liability upon this Defendant, they are denied.

7. The allegations set forth in this paragraph do not require an answer from this Defendant. However, if any of the allegations can be construed to be a factual allegation imputing liability upon this Defendant, they are denied.

8. The allegations set forth in this paragraph do not require an answer from this Defendant. However, if any of the allegations can be construed to be a factual allegation imputing liability upon this Defendant, they are denied.

9. The allegations set forth in this paragraph do not require an answer from this Defendant. However, if any of the allegations can be construed to be a factual allegation imputing liability upon this Defendant, they are denied.

10. The allegations set forth in this paragraph do not require an answer from this Defendant. However, if any of the allegations can be construed to be a factual allegation imputing liability upon this Defendant, they are denied.

## STATEMENT OF THE FACTS

11. Defendant admits that plaintiff was an inmate in the Dale County Jail. All other allegations are denied.

12. Defendant admits that plaintiff was a trustee in the jail. Defendant is without sufficient knowledge to admit or deny the remaining allegations set forth in this paragraph.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Defendant admits that plaintiff returned to his dorm. Defendant is without sufficient knowledge or belief to admit or deny the remaining allegations set forth in this paragraph.

18. Denied.

19. Denied.

20. Denied.

21. Defendant admits that he and Deputy Mittelbach were terminated. All other allegations asserted in this paragraph are denied.

22. Denied.

23. The Defendant is without sufficient knowledge or belief to admit or deny the truth of the allegations set forth in this paragraph.

24. Admitted.

25. The Defendant is without sufficient knowledge or belief to admit or deny the truth of the allegations set forth in this paragraph.

26. Denied.

27. Denied.

28. Denied.

29. The allegations set forth in this paragraph do not require an answer from this Defendant. However, if any of the allegations can be construed to impute liability upon this Defendant, they are denied.

30. The allegations set forth in this paragraph do not require an answer from this Defendant. However, if any of the allegations can be construed to impute liability upon this Defendant, they are denied.

31. Denied.

32. The Defendant is without sufficient knowledge or belief to admit or deny the truth of the allegations set forth in this paragraph.

33. The Defendant is without sufficient knowledge or belief to admit or deny the truth of the allegations set forth in this paragraph.

34. The Defendant is without sufficient knowledge or belief to admit or deny the truth of the allegations set forth in this paragraph.

35. The Defendant is without sufficient knowledge or belief to admit or deny the truth of the allegations set forth in this paragraph.

36. Denied.

37. The Defendant is without sufficient knowledge or belief to admit or deny the truth of the allegations set forth in this paragraph.

38. The allegations set forth in this paragraph do not require an answer from this Defendant. However, if any of the allegations can be construed to impute liability upon this Defendant, they are denied.

39. The Defendant is without sufficient knowledge or belief to admit or deny the truth of the allegations set forth in this paragraph.

40. Denied.

41. The allegations set forth in this paragraph express a statement of law that should be left to this court rather than the parties. However, if any of the allegations can be construed as a factual allegation that imputes liability upon this Defendant, they are denied.

42. The allegations set forth in this paragraph express a statement of law that should be left to this court rather than the parties. However, if any of the allegations can be construed as a factual allegation that imputes liability upon this Defendant, they are denied.

43. The allegations set forth in this paragraph express a statement of law that should be left to this court rather than the parties. However, if any of the allegations can be construed as a factual allegation that imputes liability upon this Defendant, they are denied.

44. The allegations set forth in this paragraph express a statement of law that should be left to this court rather than the parties. However, if any of the allegations can be construed as a factual allegation that imputes liability upon this Defendant, they are denied.

45. The allegations set forth in this paragraph do not require an answer from this Defendant. However, if any of the allegations can be construed to impute liability upon this Defendant, there are denied.

46. The allegations set forth in this paragraph do not require an answer from this Defendant. However, if any of the allegations can be construed to impute liability upon this Defendant, they are denied.

**COUNT ONE**
**CRUEL AND UNUSUAL PUNISHMENT 42 U.S.C. § 1983**
**(Defendant Zenith Glenn, Defendant Mittelbach, Defendant Nelson, unidentified deputies, Defendant Sheriff and Defendant Dale County)**

47. The allegations set forth in this paragraph did not require an answer from this defendant. However, if any of the allegations can be construed to impute liability upon this defendant, they are denied.

48. Denied.

49. Defendant admits that he was a state actor pursuant to 42 USC § 1983.

50. Denied.

51. Denied.

52. The allegations set forth in this paragraph do not require an answer from this defendant. However, if any of the allegations can be construed to impute liability upon this defendant, they are denied.

53. Denied.

54. Denied.

## COUNT TWO
### Deliberate Indifference To Cruel And Unusual Punishment
### (Monell Liability)
### (Eight Amendment Violations Dale County)

55. The allegations set forth in this paragraph do not require an answer from this defendant. However, if any of the allegations can be construed to impute liability upon this defendant, they are denied.

56. The allegations set forth in this paragraph do not require an answer from this defendant. However, if any of the allegations can be construed to impute liability upon this defendant, they are denied.

57. The allegations set forth in this paragraph do not require an answer from this defendant. However, if any of the allegations can be construed to impute liability upon this defendant, they are denied.

58. The allegations set forth in this paragraph do not require an answer from this defendant. However, if any of the allegations can be construed to impute liability upon this defendant, they are denied.

59. The allegations set forth in this paragraph do not require an answer from this defendant. However, if any of the allegations can be construed to impute liability upon this defendant, they are denied.

60. The allegations set forth in this paragraph do not require an answer from this defendant. However, if any of the allegations can be construed to impute liability upon this defendant, they are denied.

61. The allegations set forth in this paragraph do not require an answer from this defendant. However, if any of the allegations can be construed to impute liability upon this defendant, they are denied.

62. The allegations set forth in this paragraph do not require an answer from this defendant. However, if any of the allegations can be construed to impute liability upon this defendant, they are denied.

63. The allegations set forth in this paragraph do not require an answer from this defendant. However, if any of the allegations can be construed to impute liability upon this defendant, they are denied.

## COUNT THREE
### Intentional Infliction Of Emotional Distress
### (All Defendants)

64. The allegations set forth in this paragraph do not require an answer from this defendant. However, if any of the allegations can be construed to impute liability upon this defendant, they are denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. The allegations set forth in this paragraph do not require an answer from this defendant. However, if any of the allegations can be construed to impute liability upon this defendant, they are denied.

71. Denied.

72. Denied.

## COUNT FOUR
### Assault And Battery
### (Defendants Glenn, Mittelbach, And Dale County)

73. The allegations set forth in this paragraph do not require an answer from this defendant. However, if any of the allegations can be construed to impute liability upon this defendant, they are denied.

74. Denied.

75. Denied.

76. The allegations set forth in this paragraph do not require an answer from this defendant. However, if any of the allegations can be construed to impute liability upon this defendant, they are denied.

77. Denied.

78. Denied.

## COUNT FIVE
### Wantonness

79. The allegations set forth in this paragraph do not require an answer from this defendant. However, if any of the allegations can be construed to impute liability upon this defendant, they are denied.

80. Denied.

81. Denied.

82. Denied.

## COUNT SIX
### Outrage

83. The allegations set forth in this paragraph do not require an answer from this defendant. However, if any of the allegations can be construed to impute liability upon this defendant, they are denied.

84. Denied.

85. Denied.

86. Denied.

## COUNT SEVEN
### Deliberate Indifference To Psychiatric Care (42 U.S.C. 1983)
### All Defendants

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

## PRAYER FOR RELIEF

Defendant denies that plaintiff is entitled to any of the relief sought.

## AFFIRMATIVE DEFENSES

1. As to all constitutional claims, defendant is entitled to the defense of qualified immunity.

2. As to all state tort claims, the defendant is entitled to absolute immunity.

3. As to all claims against the defendant in his official capacity, the defendant is entitled to absolute immunity.

4. Plaintiff lacks standing to seek any declaratory or injunctive relief.

5. The complaint fails to state a claim that is cognizable under the law.

6. Defendant is entitled to state-actor immunity.

7. Defendant seeks reimbursement of all fees and expenses expended in the defense of this matter as authorized by 42 U.S.C. § 1988 or any other applicable statute or rule.

8. Defendant reserves the right to add affirmative defenses as discovery progresses.

Respectfully submitted this 29th day of September, 2015.

**s/J. Randall McNeill**
J. RANDALL McNEILL (MCN007)
Attorney for Defendants Zeneth Glenn and
Ryan Mittelbach
WEBB & ELEY, P.C.
7475 Halcyon Pointe Drive (36117)
P.O. Box 240909
Montgomery, AL  36124
(334) 262-1850
(334) 262-1772 Fax
rmcneill@webbeley.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Martin E Weinberg**
Martin Weinberg Law Office
P O Box 154
Shannon, AL 35142
205-785-5575
attorneyweinberg@bellsouth.net

                                              **s/J. Randall McNeill**
                                              OF COUNSEL