IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| TRAWICK REDDING | **)** | |
| | **)** | |
| Plaintiff, | **)** | CIVIL ACTION NO: 1:15-CV-539-MHT |
| v. | **)** | |
| | **)** | |
| DALE COUNTY , et.al | **)** | |
| | **)** | |
| Defendants. | | |

## MOTION TO COMPEL

The Plaintiff hereby asks the court to enter an order compelling Kirke Adams to comply with the subpoena as issued by the Plaintiff based upon the following:

1. The Plaintiff issued a subpoena to Kirke Adams on September 20, 2016 via certified mail. Attached with the subpoena was also a schedule A listing the specific items and documents being requested which included a full investigative report including any written reports, audio or visual recordings

for an interview of the Plaintiff which was conducted on October 23, 2015 upon the direction of Mr. Adams. Other documents were requested as related to the underlying incident that occurred in August of 2013 and any investigative materials or documents regarding that incident.

2. Delivery for the subpoena was accepted on September 27, 2016 and documented with a return receipt.

3. The undersigned counsel also issued a subpoena to the State Bureau of Investigations and/or ALEA. A motion to compel the SBI/ALEA to produce these documents has also been filed and although ALEA has indicated that they will producing documents those have not been produced as of this morning. ALEA has until October 26, 2016 to respond to this motion to compel. See entry #75.

4. Mr. Adams informed the undersigned counsel on September 29 that the records available are "three pages of interview, an assistance report and an audio file" and would be made available by the Alabama State Bureau of Investigation. However, those documents have still not been produced. Mr. Adams had until October 5, 2016 per the subpoena to respond to these requests.

5. The undersigned counsel has made repeated attempts to call and email the State Bureau of Investigation about the documents requested including

conversations on September 18, 2016 with the ABI legal department and with the agency on September 29, 2016 and followed up with an email request and has not received any formal response as to when these documents might be available or delivered to the undersigned counsel. The undersigned counsel has been in contact with ALEA about these documents since the motion to compel was filed as stated above. However, there has still not been any timeframe as to when these documents will be produced.

6. The investigative reports are not alleged to be confidential, or part of an ongoing investigation, and in fact a partial version of the investigative report (including pages 1-2) was published online in the Ricky Stokes News on April 12, 2016 by a Matt Boster. This report was alleged to have been leaked to the Ricky Stokes News by an unidentified source. However, it is alleged that the source likely came from within the office of the District Attorney and therefore the office of the District Attorney would have had the reports in their possession.

7. Mr. Adams has not formally responded to the other requests in the subpoena which include other documents as related to the underlying incident that occurred in August of 2013 including any incident reports. Although Mr. Adams indicated in a phone conversation that there were no investigations conducted by his office there has not been a formal response.

8. The Plaintiff is placed at an unfair disadvantage in this litigation as he will need to be deposed and this interview will certainly be discussed by the Defendant's counsel and brought up as it pertains to the incident on August 11, 2013 and damages as it pertains to injuries he received as part of this incident.

9. The undersigned counsel was not present at the interview of the plaintiff on October 23, 2015.

10. Cutoff deadlines for discovery are rapidly approaching in this case and the motion to compel is only being filed as a matter of necessity.

**Conclusion**

The Plaintiff is requesting the following be made part of the Court's order:

1. That the Kirke Adams comply with the subpoena requests within the next five business days or be held in contempt. The Plaintiff is requesting that all responsive non-privileged documents be produced and that there be a privilege log indicated all documents withheld because of attorney client privilege or attorney work product doctrine or any other privilege.

Respectfully submitted this the 21st Day of October, 2016

                                                  /s Martin Weinberg
                                                  Martin E. Weinberg
                                                  Attorney for Plaintiff

OF COUNSEL:

MARTIN E. WEINBERG, P.C.
Attorney at Law
Post Office Box 154
Shannon, AL 35142

## CERTIFICATE OF SERVICE

     I Hereby certify that on the 21st day of October, 2016, I electronically sent a copy of this motion to Randy McNeill who are attorney of record for Defendants Mittlebach and Glenn. A copy of this motion will also be emailed to Kirke Adams.

                                                  /s Martin Weinberg

                                                  Martin Weinberg

                                                  Attorney for Plaintiff