IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TRAWICK REDDING, JR. ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CIV. ACT. NO. 1:15-cv-539-MHT |
| ) | (WO) |
| ZENETH GLENN, et al, ) | |
| ) | |
| Defendants ) | |

ORDER

On November 21, 2016, the court heard argument on the plaintiff's motion for sanctions for spoliation of evidence. (Doc. # 88). For the following reasons, the motion will be denied.

At the time this case was filed, the defendants were Dale County, Dale County Sheriff Wally Olson, Dale County Jailer Ron Nelson, deputies Ryan Mittelbach and Zeneth Glenn and a contract medical provider for the Dale County Jail. At the time of the argument, the only defendants remaining are Mittlebach and Glenn.

The motion for sanctions is premised on "the failure of Sheriff Olson and Ron Nelson to preserve important video evidence from cameras that are located throughout the Dale County Jail which would have definitively identified a proper timeline of events with respect to the issues regarding what occurred as it pertains to the claims made by Trawick Redding." (Mot. for Sanctions, Doc. # 88 at 2) The first and most obvious problem with the motion is that the persons who allegedly failed to preserve the evidence are no longer parties, and the plaintiff has not suggested that the remaining defendants had any authority over or involvement with a failure to preserve the video evidence.

Secondly, the plaintiff has not shown that with respect to preservation of the video evidence there was any bad faith on the part of anyone. Sanctions for spoliation of evidence are intended "to prevent unfair prejudice to litigants and to insure the integrity of the discovery process." *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005). "Spoliation" refers to "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2nd Cir. 1999). To determine whether and what sanctions for spoliation should be imposed, five factors should be considered: (1) prejudice to the affected party; (2) whether the prejudice can be cured; (3) the practical importance of the evidence; (4) whether the party acted in bad faith; and (5) "the potential for abuse if expert testimony about the evidence was not excluded." *Flury*, 427 F.3d at 945.

Based on the submissions and arguments of the parties, the court finds there is no basis for the imposition of sanctions in any event. While a complete video of the events may not now exist, a cell phone copy of part of the video does exist and the plaintiff has access to the persons who were involved in the incident. Thus, any prejudice can be cured to a great extent, especially since the existing video confirms the presence of a snake in the jail and the identity of the persons who brought the snake into the jail.

Moreover, it is not at all clear that the video has any real practical importance. The plaintiff argues that "the deposition testimony and documentary evidence in this case is contradictory in many material aspects and also creates more questions than answers as to the original video. Many of the discrepancies would have been resolved if the video surveillance evidence was simply preserved." (Mot. for Sanctions, Doc. # 88 at 2) The plaintiff does not identify what discrepancies would be cleared up or how he knows that is so. His contention is

2

3

pure speculation. Finally, there is no evidence of bad faith on the part of any party. The remaining defendants were fired for bringing the snake into the jail and what portions of the video of the event which do exist was used to support their termination.

For the foregoing reasons, it is

ORDERED that the motion for sanctions (Doc. # 88) be and is hereby DENIED.

Done this 21st day of November, 2016

                     /s/Charles S. Coody
                     CHARLES S. COODY
                     UNITED STATES MAGISTRATE JUDGE